D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEITH TODD, also known as SHAMIAH
LEMUEL LUV,

                    Plaintiff,

      -against-

JOHN DOE, Appellate Term Judge; CHARLES
S. LOPRESTO, Judge Civil Court,

                    Defendants.
------------------------------------------------------------------X

MEMORANDUM & ORDER

14-CV-1757 (NGG) (JO)

NICHOLAS G. GARAUFIS, United States District Judge.

On March 14, 2014, Plaintiff Keith Todd, currently incarcerated at Wyoming Correctional Facility, filed this pro se action against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief. The court GRANTS Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and DISMISSES the Complaint for the reasons set forth below.

I.    BACKGROUND

Plaintiff alleges that in 2010 he "changed his name under the common law to Shamiah Lemuel Luv as a reflection of my commitment to my religious faith and practice as a God fearing Man." (Compl. (Dkt. 1) at 1.)[1] Because the "department of correction and community supervision do[es] not recognize common law name change," Plaintiff "petitition[ed] [New York state] court for an order to have [his] common law name change recognize[d] but the court denied [him] the right to poor person status to proceed to have [his] name change." (Id. at 1; see

---

[1] Plaintiff appended five documents to his Complaint, which were collectively entered along with the Complaint at docket entry #1. For ease of reference, the court cites all papers in this docket entry as "Compl." and refers to ECF page numbers.

1

also id. at 3-4 (Ex Parte Orders Granting Leave to Proceed as a Poor Person, stamped "DENIED," dated Nov. 1, 2011, and Jan. 30, 2012).) Plaintiff further alleges that on March 29, 2103, his appeal to the Appellate Term was denied. (Id. at 1-2, 6 (Mar. 29, 2013 Ltr. from Associate Court Clerk).) He seeks to "be allowed to have [his] name change[d] and recognize[d] as that is [his] religious right . . . ." (Id. at 2.)

## II. STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). See generally Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to sua sponte dismiss an in forma pauperis action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

The Complaint against Judges John Doe and Charles S. Lopresto must be dismissed. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." (citation omitted)); Stump v. Sparkman, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356).

To the extent Plaintiff seeks injunctive relief rather than money damages against Defendants, the claim must still be dismissed. The Federal Courts Improvement Act bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see also, Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004); Guerin v. Higgins, 8 F. App'x 31 (2d Cir. 2001) (summary order). Plaintiff does not allege that a "declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. § 1983; see also Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

As the alleged wrongdoing of Defendants were acts performed in a judicial capacity—namely their denial of Plaintiff's application for waiver of court fees in order to pursue a name change—Plaintiff's claims against Judge John Doe and Judge Charles S. Lopresto are foreclosed by absolute immunity and the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Furthermore, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). Rather, it is the United States Supreme Court that is vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state court judgments. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Atlantic Coast Line R.R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 286 (1970) ("While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts.").

## IV. CONCLUSION

Accordingly, Plaintiff's in forma pauperis application is GRANTED for purposes of this Order. The Complaint is DISMISSED without prejudice because it fails to state a claim, or, in the alternative, because the court lacks jurisdiction. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 25, 2014

NICHOLAS G. GARAUFIS
United States District Judge

4